ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                              )
                                          )
Alaska Aerospace Corporation              )          ASBCA No. 59794
                                          )
Under Contract No. HQ0006-03-D-0043       )

APPEARANCES FOR THE APPELLANT:            Max D. Garner, Esq.
                                          Adam W. Cook, Esq.
                                          Leila R. Kimbrell, Esq.
                                            Birch Horton Bittner & Cherot
                                            Anchorage, AK

APPEARANCES FOR THE GOVERNMENT:           E. Michael Chiaparas, Esq.
                                            DCMA Chief Trial Attorney
                                          Arthur M. Taylor, Esq.
                                            Trial Attorney
                                            Defense Contract Management Agency
                                            Chantilly, VA

OPINION BY ADMINISTRATIVE JUDGE MELNICK

This appeal involves a contract awarded to appellant, Alaska Aerospace Corporation (AAC),[1] for support services and use of the Kodiak Launch Complex in Alaska. The government partially disallowed costs for employee pension plan contributions in AAC's fiscal year 2008 (FY08) cost proposal and it seeks a total of $302,637 to recover the disallowed costs. AAC has appealed the contracting officer's final decision (COFD) demanding that amount. The parties have submitted the appeal for decision on the written record pursuant to Board Rule 11. We sustain the appeal.

FINDINGS OF FACT

1. On 29 August 2003, the Missile Defense Agency awarded Contract No. HQ0006-03-D-0043 to AAC for support services and use of the Kodiak Launch Complex in Alaska. The contract was a cost-plus-fixed-fee, indefinite-delivery/indefinite-quantity contract. (R4, tab 1)

---

[1] The contract was originally awarded to the Alaska Aerospace Development Corporation (R4, tab 1 at G-1). In 2009, the State of Alaska dropped the word "Development" from the name of the corporation (Bd. corr. ltr. dtd. 16 March 2015). For purposes of this appeal, the Board need not determine the extent to which AAC is part of the State of Alaska.

2. The contract incorporated by reference Federal Acquisition Regulation (FAR) clause 52.216-7, ALLOWABLE COST AND PAYMENT (DEC 2002), which allows for the reimbursement of contributions to employee pension plans (R4, tab 1 at G-21).

3. On 18 December 2008, AAC submitted its FY08 Incurred Cost Proposal (R4, tab 12 at G-92). The proposal included costs for employee pension plan contributions that were paid by both AAC and the State of Alaska for AAC's employees (R4, tab 8 at G-80).[2]

4. By letter dated 16 December 2014, the contracting officer issued a COFD disallowing $302,637 in employee pension plan contributions that were paid by the State of Alaska on AAC's behalf, in concurrence with conclusions in an underlying audit report prepared by the Defense Contract Audit Agency (DCAA). The contracting officer then demanded payment of $302,637 based on FAR clause 52.242-3(d), PENALTIES FOR UNALLOWABLE COSTS (MAY 2001). The COFD did not state that the government had previously paid AAC, only that the contracting officer was imposing a penalty. (R4, tab 15 at G-117-18) However, the DCAA audit report states that the questioned costs in AAC's FY08 proposal are not subject to penalty and that "AAC did not claim any indirect rates or costs in FY 2008" (R4, tab 12 at G-94).

5. AAC timely appealed to this Board on 14 January 2015.

## DECISION

Although the COFD demanded $302,637 from AAC under the Penalties for Unallowable Costs clause (finding 4), the government admitted in its answer that penalties are not an issue in this appeal (answer ¶ 3). Instead, the government argues that it is entitled to recover that amount because the government paid that amount to AAC as reimbursement of employee pension plan contributions and AAC did not incur those charges since the State of Alaska made the contributions, not AAC. AAC counters that it did incur those charges since AAC is a corporation run by the State of Alaska. Furthermore, AAC argues that the government is not entitled to recovery as it never paid any of the claimed amount to AAC. AAC states that the employee pension plan contributions were included at the end of FY08 in AAC's Incurred Cost Proposal and were not a part of any invoices that were paid by the government.

Because the government is seeking recoupment of money it allegedly paid to AAC, this is a government claim. *See Brunswick Corp.*, ASBCA No. 26691, 83-2 BCA ¶ 16,794 at 83,483. As such, the government bears the burden of proof. *See Eaton Corp.*, ASBCA No. 34355, 93-2 BCA ¶ 25,743 at 128,096, *aff'd*, 26 F.3d 140 (Fed. Cir. 1994)

---

[2] Neither the government nor AAC introduced the actual FY08 Incurred Cost Proposal into the record.

2

(table).  The government also has the burden of establishing that overpayments have been made.  *Foreman Industries, Inc.*, ASBCA No. 23948, 80-2 BCA ¶ 14,501 at 71,491.

The government tries to assert that the COFD contains the necessary evidence to allow recoupment but upon closer inspection, the COFD attempts to impose a penalty, not recoupment as the basis for the demand for payment (finding 4).  Even if the COFD stated that the government paid the money to AAC that it now seeks to recover, the findings of fact in the decision itself are not binding upon the parties and are not entitled to any deference.  *Wilner v. United States*, 24 F.3d 1397, 1401 (Fed. Cir. 1994) (en banc); *Precision Specialties, Inc.*, ASBCA No. 48717, 96-1 BCA ¶ 28,054 at 140,087 (final decision has no presumptive evidentiary weight and is not binding on the Board); 41 U.S.C. § 7103(e).  The government has proffered no evidence that it reimbursed AAC any amount for FY08 employee pension plan contributions which were paid by the State of Alaska on AAC's behalf.[3]  The government has not met its burden of proving its claim.

The appeal is sustained.

Dated:  13 September 2016

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[3]  The Board expresses no opinion as to whether the pension plan contributions at issue in this appeal are allowable costs.

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59794, Appeal of Alaska Aerospace Corporation, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4